CT/RMT
ORIGINAL

A CERTIFIED TRUE COPY

ATTEST

By Teresa Bishop at 8:20 am, Oct 23, 2007

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

OCT 2 3 2007

CLERK, U.S. DISTRICT COURT

By _____
      Deputy

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**1:45 pm, Oct 22, 2007**

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: RADIOSHACK CORP.
"ERISA" LITIGATION

MDL No. 1875

### TRANSFER ORDER

**Before the entire Panel:** Defendants[1] have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of Texas. Plaintiffs in the Northern District of Texas actions do not oppose centralization, but suggest the Eastern District of Texas as transferee district. Plaintiffs in the Eastern District of Texas action oppose the Section 1407 motion. If the Panel deems centralization appropriate, these plaintiffs support selection of the Eastern District of Texas as transferee district.

This litigation currently consists of four actions listed on Schedule A and pending in two districts as follows: three actions in the Northern District of Texas and one action in the Eastern District of Texas.

On the basis of the papers filed and hearing session held, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share questions of fact relating to allegations that defendants breached various fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461, by continuing to offer RadioShack stock as part of the company's retirement plans. While one Northern District of Texas action adds a theory of liability related to investment in Putnam Funds, common factual questions clearly predominate over any unique questions of fact related to Putnam Funds. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

The Eastern District of Texas plaintiffs assert that centralization of this litigation is unnecessary, because (1) the Eastern District of Texas court has already denied defendants' Section

---

[1]   RadioShack Corp. (RadioShack), the Administrative Committee of RadioShack, the RadioShack Board of Directors, Frank J. Belatti, Ronald E. Elmquist, Robert S. Falcone, Daniel R. Feehan, Richard J. Hernandez, H. Eugene Lockhart, Jack L. Messman, William G. Morton, Jr., Thomas G. Plaskett, Edwina D. Woodbury, David Edmondson, Claire H. Babrowski, David G. Barnes, David P. Johnson, Johnson H. Bradley, J. Mills, Randy Ray and Arnold Grothues.

-2-

1404(a) motion to transfer the Eastern District of Texas action to the Northern District of Texas; (2) alternatives to Section 1407 transfer are available; and (3) there are a minimal number of actions involved in this litigation. We disagree. Factors in a denial of Section 1404(a) transfer are different from the criteria for Section 1407 centralization. *See In re Regents of University of California*, 964 F.2d 1128, 1133 (Fed. Cir. 1992) (denying petition for extraordinary writ to vacate Panel order transferring actions pursuant to Section 1407). Given the pendency of four actions in two federal districts and the clear common factual questions involved in these putative class actions, Section 1407 proceedings are superior to alternatives suggested by plaintiffs in order to streamline pretrial proceedings and ensure that this litigation as a whole is expeditiously resolved.

We are persuaded that the Northern District of Texas, where three of the four actions are pending, is an appropriate transferee forum for this litigation. RadioShack is headquartered within this district and documents and witnesses will likely be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending in the Eastern District of Texas is transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable Terry Means for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

**IN RE: RADIOSHACK CORP.**
**"ERISA" LITIGATION**                          MDL No. 1875

## SCHEDULE A

<u>Eastern District of Texas</u>

Alan Goldstein, et al. v. RadioShack Corp., et al., C.A. No. 6:06-285

<u>Northern District of Texas</u>

Robert Maxwell v. RadioShack Corp., et al., C.A. No. 4:06-499
Robert Outlaw v. RadioShack Corp., et al., C.A. No. 4:06-900
Jeffrey V. Cormier, etc. v. RadioShack Corp., et al., C.A. No. 4:07-285