**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE: RADIOSHACK CORP.      §
    "ERISA" LITIGATION,      §
                           §
**MDL 1875**                 §
                           §   Case 4-08-MD-1875-Y
                           §
                           §   ALL CASES
                           §
                           §

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**
**FILED BY PLAINTIFF JEFFREY V. CORMIER**

     All Defendants, by and through their attorneys, hereby respond the numbered paragraphs of

Plaintiff Cormier's Complaint as follows:

**I.**
**NATURE OF THE ACTION AND SUMMARY OF CLAIMS**

     1.     The allegations set forth in paragraph 1 purport to state conclusions of law to

which no responsive pleading is required; to the extent a response is required, the allegations set

forth in paragraph 1 are denied.

     2.     Defendants admit the allegations set forth in paragraph 2, and admit further that

the Plan also serves other purposes.

     3.     The allegations set forth in paragraph 3 are denied because they relate solely to

claims that have been dismissed from this action and therefore no responsive pleading is

required.

     4.     The allegations set forth in the first sentence of paragraph 4 are denied because

they relate solely to claims that have been dismissed from this action and therefore no responsive

pleading is required.  The allegations set forth in the second sentence of paragraph 4 are denied.

5.      The allegations set forth in paragraph 5 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

6.      The allegations set forth in the first sentence of paragraph 6 relate solely to claims that have been dismissed from this action, and therefore no responsive pleading is required; to the extent a response is required, the allegations set forth in the first sentence of paragraph 6 are denied.  Defendants admit that Plaintiff purports to make the allegation set forth in the second sentence of paragraph 6.

7.      The allegations set forth in paragraph 7 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

8.      The allegations set forth in paragraph 8 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

9.      The allegations set forth in paragraph 9 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

10.      The allegations set forth in paragraph 10 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

11.      Denied.

12.      Denied.

## II.
## JURISDICTION AND VENUE

13.     The allegations set forth in paragraph 13 purport to state conclusions of law to which no responsive pleading is required.

14.     The allegations set forth in paragraph 14 purport to state conclusions of law to which no responsive pleading is required.

15.     The allegations set forth in paragraph 15 purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required Defendants deny that any fiduciary breach occurred.

## III.
## THE PARTIES

16.     The allegations set forth in paragraph 16 purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations set forth in paragraph 16 are denied.

17.      Denied.

18.     Admitted.

19.     The allegations set forth in paragraph 19 purport to state conclusions of law and/or characterize the terms of the Plans, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of the written documents, the relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

20.     Denied.

21.     The allegations set forth in paragraph 21 purport to characterize written documents, the terms of which speak for themselves, and such allegations are denied to the

extent they are inconsistent with the terms of the written documents or do not reflect the documents in their entirety.

22.     The allegations set forth in paragraph 22 purport to state conclusions of law and/or characterize the terms of the Plans, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of the written documents, the relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

23.     The allegations set forth in paragraph 23 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

24.     The allegations set forth in paragraph 24 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

25.     The allegations set forth in paragraph 25 purport to state conclusions of law and/or characterize the terms of the Plans, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of the written documents, the relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

26.     The allegations set forth in the first four sentences of paragraph 26 are admitted, except it is also admitted that Mr. Belatti's term on the Executive Committee ended in May 2008 and that Mr. Belatti did not become Chair of the Management Development and Compensation Committee until May of 2006.  The allegations set forth in the fifth sentence of paragraph 26 are denied because they relate solely to claims that have been dismissed from this action and

therefore no responsive pleading is required.  The allegations set forth in the final sentence of

paragraph 26 purport to state conclusions of law and/or characterize the terms of the Plans, the

terms of which speak for themselves; such allegations are denied to the extent they are

inconsistent with the terms of the written documents, the relevant statutory provisions,

regulations or other governing law, and/or do not reflect such written documents, statutory

provisions, regulations or other governing law in their entirety.  Any remaining allegations in

paragraph 26 are denied.

27.     The allegations set forth in the first and third sentences of paragraph 27 are

admitted.  It is denied that Mr. Elmquist was a member of the Organization and Compensation

Committee during his entire tenure on the board of directors, but it is admitted that he served on

those committees for part of his tenure.  The allegations set forth in the fourth sentence of

paragraph 27 are denied because they relate solely to claims that have been dismissed from this

action and therefore no responsive pleading is required.  The allegations set forth in the final

sentence of paragraph 27 purport to state conclusions of law and/or characterize the terms of the

Plans, the terms of which speak for themselves; such allegations are denied to the extent they are

inconsistent with the terms of the written documents, the relevant statutory provisions,

regulations or other governing law, and/or do not reflect such written documents, statutory

provisions, regulations or other governing law in their entirety.  Any remaining allegations in

paragraph 27 are denied.

28.     The allegations set forth in the first and second sentences of paragraph 28 are

denied.  By way of further answer, it is admitted that Mr. Falcone has served on the Board of

Directors since 2003 and that he was the chair of the Audit and Compliance Committee and a

member of the Executive Committee from May 2005 through May 2007.  The allegations set

forth in the third sentence of paragraph 28 are admitted.  The allegations set forth in the fourth sentence of paragraph 28 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.  The allegations set forth in the final sentence of paragraph 28 purport to state conclusions of law and/or characterize the terms of the Plans, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of the written documents, the relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.  Any remaining allegations in paragraph 28 are denied.

29.     The allegations set forth in the first, third, and fourth sentences of paragraph 29 are denied as stated.  By way of further answer, it is admitted that Mr. Feehan has served on the board of directors since 2003; was the Chair of the Finance and Strategic Transactions Committee in 2006; a member of the Executive Committee 2005 through May 2008; a member of the Management and Development and Compensation Committee in 2003 and from May 2005 through May 2008; and a member of the Audit and Compliance Committee from 2003 to May 2005. The allegations set forth in the second sentence of paragraph 29 are admitted.  The allegations set forth in the fifth sentence of paragraph 29 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.  The allegations set forth in the final sentence of paragraph 29 purport to state conclusions of law and/or characterize the terms of the Plans, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of the written documents, the relevant statutory provisions, regulations or other governing law, and/or

do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.  Any remaining allegations in paragraph 29 are denied.

30.     The allegations set forth in the first three sentences of paragraph 30 are admitted. The allegations set forth in the fourth sentence of paragraph 30 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.  The allegations set forth in the final sentence of paragraph 30 purport to state conclusions of law and/or characterize the terms of the Plans, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of the written documents, the relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.  Any remaining allegations in paragraph 30 are denied.

31.     The allegations set forth in the first sentence of paragraph 31 are denied.  By way of further answer it is admitted that Mr. Lockhart has served as a member of the Board of Directors since 2003.  The allegations of the second sentence of paragraph 31 are denied, except that it is admitted that Mr. Lockhart was a member of the Audit and Compliance Committee from at least 2003 to 2006. The allegations of the third sentence of paragraph 31 are admitted. The allegations set forth in the fourth sentence of paragraph 31 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.  The allegations set forth in the final sentence of paragraph 31 purport to state conclusions of law and/or characterize the terms of the Plans, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of the written documents, the relevant statutory provisions, regulations or other governing law, and/or

do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.  Any remaining allegations in paragraph 31 are denied.

32.     The allegations set forth in the first and third sentences of paragraph 32 are admitted.  The allegations of the second sentence of paragraph 32 are denied.  By way of further answer, it is admitted that Mr. Messman's tenure on the Corporate Governance committee ended in May 2007.  The allegations set forth in the fourth sentence of paragraph 32 are denied, except it is admitted that Mr. Messman has been a member of the Finance and Strategic Transactions Committee.  The allegations set forth in the fifth sentence of paragraph 32 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.  The allegations set forth in the final sentence of paragraph 32 purport to state conclusions of law and/or characterize the terms of the Plans, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of the written documents, the relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.  Any remaining allegations in paragraph 32 are denied.

33.     The allegations of the first three sentences of paragraph 33 are denied as stated. By way of further answer it is admitted that Mr. Morton served on the Board of Directors from 1987 to May 2008, that Mr. Morton's term on the Corporate Governance Committee ended in May 2007, and that he was a member of the Audit and Compliance Committee in 2002 and 2006.  The allegations set forth in the fourth sentence of paragraph 33 are denied, except it is admitted that Mr. Messman has been a member of the Finance and Strategic Transactions Committee.  The allegations set forth in the fifth sentence of paragraph 33 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive

pleading is required.  The allegations set forth in the final sentence of paragraph 33 purport to state conclusions of law and/or characterize the terms of the Plans, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of the written documents, the relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.  Any remaining allegations in paragraph 33 are denied.

34.     The allegations set forth in the first three sentences of paragraph 34 are admitted. The allegations set forth in the fourth sentence of paragraph 34 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.  The allegations set forth in the final sentence of paragraph 34 purport to state conclusions of law and/or characterize the terms of the Plans, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of the written documents, the relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.  Any remaining allegations in paragraph 34 are denied.

35.     The allegations set forth in the first three sentences of paragraph 34 are admitted. The allegations set forth in the fourth sentence of paragraph 35 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.  The allegations set forth in the final sentence of paragraph 35 purport to state conclusions of law and/or characterize the terms of the Plans, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of the written documents, the relevant statutory provisions, regulations or other governing law, and/or

do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.  Any remaining allegations in paragraph 35 are denied.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

## IV.
## FACTUAL BACKGROUND

37.     Admitted.

38.     The allegations set forth in paragraph 38 purport to characterize written documents, the terms of which speak for themselves, and such allegations are denied to the extent they are inconsistent with the terms of the written documents or do not reflect the documents in their entirety.

39.     Admitted.

40.     The allegations set forth in paragraph 40 purport to characterize the 401(k) Plan, which consists of written documents, the terms of which speak for themselves, and such allegations are denied to the extent they are inconsistent with the terms of the written documents or do not reflect the documents in their entirety.

41.     The allegations set forth in paragraph 41 purport to characterize written documents, the terms of which speak for themselves, and such allegations are denied to the extent they are inconsistent with the terms of the written documents or do not reflect the documents in their entirety.

42.     The allegations set forth in paragraph 42 purport to characterize written documents, the terms of which speak for themselves, and such allegations are denied to the extent they are inconsistent with the terms of the written documents or do not reflect the documents in their entirety.

43.     Defendants admit the allegations set forth in the first and second sentences of paragraph 43.  The allegations set forth in the third sentence of paragraph 43 purport to characterize written documents, the terms of which speak for themselves, and such allegations are denied to the extent they are inconsistent with the terms of the written document or do not reflect the documents in their entirety.

44.     The allegations set forth in paragraph 44 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

45.     The allegations set forth in paragraph 45 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

46.     The allegations set forth in paragraph 46 purport to characterize written documents, the terms of which speak for themselves, and such allegations are denied to the extent they are inconsistent with the terms of the written documents or do not reflect the documents in their entirety.  Defendants deny the remaining allegations of paragraph 46.

47.     The allegations set forth in paragraph 47 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

48.     Defendants admit the allegations set forth in the first sentence of paragraph 48.  The remaining allegations of paragraph 48 are denied.

49.     Admitted.

50.     The allegations set forth in paragraph 50 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

51.     The allegations set forth in paragraph 51 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

52.     The allegations set forth in paragraph 52 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

53.     The allegations set forth in paragraph 53 purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations set forth in paragraph 53 are denied.

54.     The allegations set forth in paragraph 54 purport to characterize written documents, the terms of which speak for themselves, and such allegations are denied to the extent they are inconsistent with the terms of the written documents or do not reflect the documents in their entirety.

55.     The allegations set forth in paragraph 55 purport to characterize written documents, the terms of which speak for themselves, and such allegations are denied to the extent they are inconsistent with the terms of the written documents or do not reflect the documents in their entirety.

56.     The allegations set forth in paragraph 56 purport to characterize written documents, the terms of which speak for themselves, and such allegations are denied to the

extent they are inconsistent with the terms of the written documents or do not reflect the documents in their entirety.

57.     The allegations set forth in paragraph 57 purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations set forth in paragraph 57 are denied, except to the extent the allegations set forth in paragraph 57 purport to characterize written documents, the terms of which speak for themselves. Such allegations are denied to the extent they are inconsistent with the terms of the written documents or do not reflect the documents in their entirety.

58.     Denied.

59.     The allegations set forth in paragraph 59 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

60.     The allegations set forth in paragraph 60 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

61.     The allegations set forth in paragraph 61 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

62.     Admitted.

63.     The allegations set forth in paragraph 63 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

64.     The allegations set forth in paragraph 64 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

65.     The allegations set forth in paragraph 65 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

66.     The allegations set forth in paragraph 66 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

67.     The allegations set forth in paragraph 67 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

68.     The allegations set forth in paragraph 68 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

69.     The allegations set forth in paragraph 69 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

70.     The allegations set forth in paragraph 70 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

71.     The allegations set forth in paragraph 71 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

72.     The allegations set forth in paragraph 72 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

73.     The allegations set forth in paragraph 73 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

74.     The allegations set forth in paragraph 74 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

75.     The allegations set forth in paragraph 75 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

76.     The allegations set forth in paragraph 76 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

77.     The allegations set forth in paragraph 77 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

78.     The allegations set forth in paragraph 78 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

79.     The allegations set forth in paragraph 79 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

80.     The allegations set forth in paragraph 80 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

81.     The allegations set forth in paragraph 81 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

82.     The allegations set forth in paragraph 82 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

83.     The allegations set forth in paragraph 83 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

84.     The allegations set forth in paragraph 84 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

85.     The allegations set forth in paragraph 85 purport to state conclusions of law and/or characterize the terms of the Plans, the terms of which speak for themselves; such

allegations are denied to the extent they are inconsistent with the terms of the written documents, the relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

**V.**

**FIDUCIARY DUTIES UNDER ERISA**

91.    The allegations set forth in paragraph 91 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 91 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

92.    The allegations set forth in paragraph 92 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 92 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

93.    The allegations set forth in paragraph 93 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 93 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

94.    The allegations set forth in paragraph 94 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny

the allegations of paragraph 94 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

95.     The allegations set forth in paragraph 95 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 95 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

96.     The allegations set forth in paragraph 96 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 96 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

97.     The allegations set forth in paragraph 97 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 97 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

98.     The allegations set forth in paragraph 98 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 98 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

99.     The allegations set forth in paragraph 99 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 99 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

100.     The allegations set forth in paragraph 100 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 100 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

101.     The allegations set forth in paragraph 101 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 101 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

102.     Denied.

103.     The allegations set forth in paragraph 103 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

104.     Denied.

## VI.
## CLASS ACTION ALLEGATIONS

105.     Defendants admit that Plaintiff purports to characterize this action as described in paragraph 105.  Any remaining allegations of paragraph 105 are denied.

106.     The allegations set forth in the first sentence of paragraph state conclusions of law to which no responsive pleading is required; to the extent a response is required the allegations set forth in the first sentence of paragraph 106 are denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 106, and, on that basis, deny such allegations.

107.     Denied

108.     Denied.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentence of paragraph 109, and, on that basis, deny such allegations.  The allegations set forth in the third sentence of paragraph 109 are denied.

110.    The allegations set forth in paragraph 110 purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations set forth in paragraph 110 are denied.

111.    Denied.

112.    The allegations set forth in the first sentence of paragraph 112 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.  The remaining allegations of paragraph 112 are denied.

113.    Defendants admit that Plaintiff purports to define the described Sub-Class.  Any remaining allegations in paragraph 113 are denied.

114.    The allegations set forth in paragraph 114 purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations set forth in paragraph 114 are denied.

   a.    The allegations set forth in paragraph 114.a purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations set forth in paragraph 114.a are denied.

   b.    The allegations set forth in paragraph 114.b purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations set forth in paragraph 114.b are denied.

i.     The allegations set forth in paragraph 114.b.i are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

ii.     The allegations set forth in paragraph 114.b.ii are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

iii.     The allegations set forth in paragraph 114.b.iii are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

iv.     The allegations set forth in paragraph 114.b.iv are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

v.     The allegations set forth in paragraph 114.b.v purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations set forth in paragraph 114.b.v are denied.

vi.     The allegations set forth in paragraph 114.b.vi are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

vii.     The allegations set forth in paragraph 114.b.vii purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations set forth in paragraph 114.b.vii are denied.

viii.     Denied.

ix.     Denied.

x.      The allegations set forth in paragraph 114.b.x purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations set forth in paragraph 114.b.x are denied.

b.      The allegations set forth in the second paragraph 114.b[1] purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations set forth in paragraph 114.b are denied.

c.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114.c, and, on that basis, deny such allegations.

d.      Denied.

115.    The allegations set forth in paragraph 115 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

116.    The allegations set forth in paragraph 116 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

117.    Denied.

118.    The allegations set forth in paragraph 118 purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations set forth in paragraph 118 are denied.

---

[1]      Two paragraphs 114(b) appear in the Complaint.

## COUNT ONE

119.    Defendants hereby incorporate by reference their responses to paragraphs 1-118 as if fully set forth herein.

120.    Denied.

121.    The allegations set forth in paragraph 121 purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations set forth in paragraph 121 are denied

122.    The allegations set forth in paragraph 122 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 122 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

123.    The allegations set forth in paragraph 123 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 123 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

124.    The allegations set forth in paragraph 124 purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations set forth in paragraph 124 are denied.

125.    Denied.

a.    The allegations set forth in paragraph 125.a are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

b.      The allegations set forth in paragraph 125.b are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

c.      The allegations set forth in paragraph 125.c are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

126.    The allegations set forth in paragraph 126 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

127.    The allegations set forth in paragraph 127 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

128.    The allegations set forth in paragraph 128 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

129.    The allegations set forth in paragraph 129 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

130.    The allegations set forth in paragraph 130 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

131.    The allegations set forth in paragraph 131 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

## COUNT TWO

132.    Defendants hereby incorporate by reference their responses to paragraphs 1-131 as if fully set forth herein.

133.    Denied.

134.    The allegations set forth in paragraph 134 purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations set forth in paragraph 134 are denied.

135.    The allegations set forth in paragraph 135 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 135 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

136.    The allegations set forth in paragraph 136 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 136 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

137.    The allegations set forth in paragraph 137 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

138.    The allegations set forth in paragraph 138 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

139.    The allegations set forth in paragraph 139 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

140.    The allegations set forth in paragraph 140 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

141.    The allegations set forth in paragraph 141 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

142.    The allegations set forth in paragraph 142 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

143.    The allegations set forth in paragraph 143 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

## **COUNT THREE**

144.    Defendants hereby incorporate by reference their responses to paragraphs 1-143 as if fully set forth herein.

145.    Denied.

146.    Denied.

147.    The allegations set forth in paragraph 147 purport to state conclusions of law and/or characterize the terms of the Plans, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of the written documents, the relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

148.    The allegations set forth in paragraph 148 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 148 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

149.    The allegations set forth in paragraph 149 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

## COUNT FOUR

154.     Defendants hereby incorporate by reference their responses to paragraphs 1-153 as if fully set forth herein.

155.     Denied.

156.     The allegations set forth in paragraph 156 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 156 because they do not reflect the relevant statutory provisions, regulations and other governing law in their entirety.

157.     The allegations set forth in paragraph 157 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

158.     The allegations set forth in paragraph 158 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

159.     Denied.

160.     Denied.

161.     Denied.

162.     The first, third and fourth sentences of paragraph 162 purport to state conclusions of law to which no responsive pleading is required; to the extent a response is required, the

allegations set forth in the first, third and fourth sentences in paragraph 162 are denied.  The remaining allegations of paragraph 162 are denied.

163.    Denied.

164.    The allegations set forth in paragraph 164 are denied because they relate solely to claims that have been dismissed from this action and therefore no responsive pleading is required.

## COUNT FIVE

165.    Defendants hereby incorporate by reference their responses to paragraphs 1-164 as if fully set forth herein.

166.    The allegations set forth in paragraph 166 purport to state conclusions of law and/or characterize the terms of the Plans, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of the written documents, the relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Defendants deny each and every allegation of the Complaint not heretofore specifically admitted.

## FIRST DEFENSE

The claims of Plaintiff and each member of the putative class are barred in whole or in part by the applicable statutes of limitations, including ERISA Section 413, 29 U.S.C. § 1113, and/or the doctrines of laches, waiver and/or estoppel.

## SECOND DEFENSE

The claims of Plaintiff and each member of the putative class are barred, in whole or in part, by ERISA Section 404(c), 29 U.S.C. § 1104(c), 29 U.S.C. § 1104(c).

## THIRD DEFENSE

Plaintiff and each member of the putative class have proximately caused, contributed to, or failed to mitigate any and all losses claimed by them.

## FOURTH DEFENSE

To the extent the defense provided by ERISA Section 404(c), 29 U.S.C. § 1104(c) does not apply, Plaintiff and each member of the putative class acted as fiduciaries when they directed the investment of funds allocated to their account(s) and are therefore liable for any claimed losses.

## SIXTH DEFENSE

Any losses alleged by Plaintiff and each member of the putative class were not caused by any fault, act or omission by Defendants, but were caused by circumstances, entities or persons, including Plaintiff and each member of the putative class, for which Defendants are not responsible and cannot be held liable.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or

otherwise in this case and hereby reserve the right to amend their Answer to assert any such defense.

WHEREFORE, having fully answered, Defendants deny that Plaintiff is entitled to certification of their proposed classes, and further deny that Plaintiffs are entitled to the relief requested, or any other relief.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that all of Plaintiff's claims be dismissed with prejudice, and that all costs and fees, including attorneys' fees, be awarded to Defendants.

Respectfully submitted,

Dated:      Fort Worth, Texas
            May 29, 2008

OF COUNSEL:

Michael L. Banks*
Brian T. Ortelere*
Jeremy P. Blumenfeld*
Victoria L. Gorokhovich*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
Tel.: 215.963.5000
Fax: 215.963.5001

* Admitted *pro hac vice*

/s / David E. Keltner
David E. Keltner
State Bar No. 11249500
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas  76102
Tel.: 817.332.2500
Fax: 817.878.9280

ATTORNEYS FOR ALL DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 29, 2008, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Thomas R. Ajamie
Ajamie LLP
711 Louisiana
Suite 2150
Houston, TX 77002
713/860-1600
Fax: 713/860-1699
Email: tajamie@ajamie.com

Ronald S. Kravitz
Kim Zeldin
Liner Yankelevitz Sunshine & Regenstreif LLP
199 Fremont St
20th Floor
San Francisco, CA 94105
415/489-7700
Fax: 415/489-7701
Email: rkravitz@linerlaw.com
Email: kzeldin@linerlaw.com

Robert M. Shore
Liner Yankelevitz Sunshine & Regenstreif LLP
1100 Glendon Ave
14th Floor
Los Angeles, CA 90024
310/500-3500
Fax: 310/500-3501
Email: rshore@linerlaw.com

Thomas E. Bilek
The Bilek Law Firm LLP
808 Travis
Suite 802
Houston, TX 77002
713/227-7720
Fax: 713/227-9404
Email: tbilek@bileklaw.com

Thomas J. McKenna
Gainey & McKenna
295 Madison Ave
4th Floor
New York, NY 10017
212/983-1300
Fax: 212/983-0383
Email: tjmckenna@gaineyandmckenna.com

Bradley E. Beckworth
Susan R. Whatley
Nix Patterson & Roach
205 Linda Dr
Daingerfield, TX 75638
903/645-7333
Fax: 903/645-4415
Email: bbeckworth@nixlawfirm.com
Email: susanwhatley@nixlawfirm.com

Notice will be delivered by other means to:

Claude Edward Welch
Law Office of Claude E. Welch
PO Box 1574
Lufkin, TX 75902
936/639-3311
Fax: 936/639-3049 FAX

Lee Squitieri
Squitieri & Fearon LLP
32 East 57th Street
12th Floor
New York, NY 10022

/s/ David E. Keltner