IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IN RE RADIOSHACK CORP. "ERISA"   §
LITIGATION                       §       ACTION NO. 4:08-MD-1875-Y
                                 §

ORDER CONSOLIDATING ERISA ACTIONS;
APPOINTING CO-LEAD PLAINTIFFS' COUNSEL;
ESTABLISHING PRETRIAL PROCEDURES AND RENDERING AMENDMENT MOOT

In accordance with the stipulation of the parties filed on June 5, 2008 [document number 13], it is ORDERED as follows:

1.  The actions previously consolidated for pretrial purposes in this cause (the "Actions") assert claims pursuant to the Employee Retirement Income Security Act ("ERISA") that are similar and present common issues of law and fact;

2.  The consolidation of the Actions would serve the interests of judicial economy;

3.  The Actions are hereby CONSOLIDATED pursuant to FED. R. CIV. P. 42(a) and the Manual For Complex Litigation — Fourth (2005).

4.  All actions filed in the future in this district or transferred to this district that allege ERISA claims arising out of the same or substantially similar facts as alleged in the Actions will be, until further order of this Court, consolidated with and into MDL 1875;

5.  The caption of the Actions and any subsequently filed or transferred related litigation shall be In RadioShack Corp. ERISA Litigation, cause number 4:08-MD-1875-Y, and the files of all similar actions subsequently filed in or transferred to this district shall be maintained under this number;

6.  Every pleading, motion, brief or other document filed in

any action governed by this order shall bear the caption "In re RadioShack Corp. ERISA Litigation," and the cause number "4:08-MD-1875-Y."

7.   When a document is filed and the caption shows that it is applicable to these actions, the clerk of the Court (if a paper filing) or the party (if an electronic filing) shall file such document in cause number 4:08-MD-1875-Y and note such filing on the docket.   No further copies need to be filed and no other docket entries need to be made;

8.   If any other case alleging violations of ERISA arising out of the same or substantially similar facts as alleged in the Actions is filed in this Court or transferred here from another court (a "related case"), the Clerk shall:  (a) file a copy of this order in the separate file for the related case; (b) mail a copy of this order to counsel for the plaintiff(s) in the related case; (c) mail a copy of this order to counsel for each defendant in the related case not already a party to any case included in In Re RadioShack Corp. ERISA Litigation, and (d) make an appropriate entry in the docket of 4:08-MD-1875-Y;

9.   The Court requests the assistance of counsel in calling to the attention of the clerk the filing or transfer of any case which might be properly consolidated as part of In re RadioShack Corp. ERISA Litigation, cause number 4:08-MD-1875-Y, pursuant to the provisions of this order;

10.   All discovery taken in In re RadioShack Corp. ERISA Litigation will apply to any subsequently filed and consolidated action(s) and the parties will not be required to repeat discovery

already undertaken in the MDL action;

11.  The organizational structure established by this order shall bind Plaintiffs' counsel in all ERISA actions, including actions filed or transferred subsequent to the filing of the Actions, consolidated or governed by this order, until and unless otherwise ordered by this Court;

12.  The following counsel representing plaintiffs in each of the Actions shall serve as the co-lead counsel for the ERISA plaintiffs for the prosecution of these ERISA actions and each related action that is filed or transferred subsequent to the filing of this Order:  Liner Yankelevitz Sunshine & Regenstreif LLP; Squitieri & Fearon, LLP, and Gainey & McKenna LLP;

13.  Plaintiffs' ERISA co-lead counsel, under the direction of Liner Yankelevitz Sunshine & Regenstreif LLP, shall have the following responsibilities and duties to perform or delegate as appropriate:

a.   to brief and argue motions;

b.   to initiate and conduct discovery, including, without limitation, coordination of discovery with Defendants' counsel and preparation of written interrogatories, requests for admissions, and requests for production of documents;

c.   to direct and coordinate the examination of witnesses in depositions;

d.   to appoint a spokesperson for Plaintiffs at pretrial conferences;

e.   to call and chair meetings of Plaintiffs' counsel as appropriate or necessary from time to time;

f.   to initiate and conduct any settlement negotiations with

counsel for Defendants;

g.   to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

h.   to consult with and employ experts;

i.   to receive and review periodic time reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent appropriately and for the benefit of Plaintiffs, and to determine and distribute Plaintiffs' attorneys' fees; and

j.   to perform such other duties as may be expressly authorized by further order of this Court;

14. Service of pleadings and other papers by Defendants shall be made upon ERISA plaintiffs' co-lead counsel who are authorized and directed to accept service on behalf of all ERISA plaintiffs;

15. The terms of this order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.  The terms of this order and the consolidation ordered herein shall not constitute a waiver by any party of any claims or defenses to any action;

16. The complaint filed by plaintiff Cormier in cause number 4:07-CV-285-Y is to be the operative complaint for this consolidated action, and all named plaintiffs to this consolidated action are deemed to be named as plaintiffs in the Cormier complaint.  The amended complaint filed by plaintiffs Maxwell, Outlaw Goldstein, and

Reiders [document number 11] is therefore a nullity, to which Defendants need not respond, and that complaint is hereby RENDERED MOOT;

17.   Counsel for the parties are directed to agree upon an appropriate discovery schedule in accordance with the Order to Submit Joint Status Report and Proposed Discovery Plan issued this same day.

SIGNED July 22, 2008.

_Terry R. Means_
_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE