**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **IN RE RADIOSHACK CORP. "ERISA" LITIGATION** | **MDL Docket No. MDL-1875**<br><br>**ALL CASES** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
SURREPLY MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Dated: August 14, 2009

## I. INTRODUCTION

Plaintiffs Jeffrey Cormier and Robert Outlaw seek to hold Defendants responsible for their fiduciary breaches of loyalty and prudence under ERISA § 404. These breaches include:

(1) selecting overly expensive and underperforming Putnam funds that paid kickbacks to the Plan's trustee in violation of ERISA's prohibited transaction rules; and

(2) disregarding the terms of the Plan requiring RadioShack (and not the Plan or its participants) to pay Putnam's trustee fees.

The factual and legal questions raised by these claims are common to the class and suitable for class certification. Did Defendants allow revenue sharing to influence their investment decisions to select poorly performing Putnam funds that were not in the participants' best interests, shifting the costs of Putnam's fees from RadioShack to the Plan? Did the Plan obligate RadioShack to pay Putnam's expenses? Were the pricing and performance of the menu of funds provided by Putnam such that a prudent fiduciary would have selected and maintained those funds? Were the fees received by Putnam excessive? Did the revenue sharing payments received by Putnam violate ERISA? Each question is identical for every class member. The damages will be paid into the Plan and then allocated to participants after this case is concluded.

Due to the representative nature of ERISA § 502(a)(2) claims and the common questions of law and fact involved, courts repeatedly have held that claims identical to the ones presented in this case are paradigmatic class claims. The Surreply does not change any of these issues.

## II. ARGUMENT

### A. Prohibited Transactions Have Always Been Part of this Case

Defendants' assertion that the Complaint does not use the term "prohibited transaction" or cite ERISA § 406 is irrelevant. (Surreply at 1-2.) Plaintiffs always have alleged that Defendants breached their fiduciary duties under ERISA § 404 by selecting poorly performing Putnam

1

investment funds that charged excessive fees and paid kickbacks to Putnam in violation of ERISA prohibited transaction rules. Plaintiffs asserted this claim in the Complaint and repeatedly raised these issues in the Motion for Class Certification. (*See, e.g.*, Compl. ¶¶ 11 (revenue sharing), 89, 90, 167 (excessive fees); Motion at 1, 3, 5, 7, 9, 11, 13-16.) Prohibited transactions under ERISA § 406 include the payment of excessive fees and revenue sharing to a fiduciary. *See, e.g., Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1221 (9th Cir. 2000) ("prohibited transactions in violation of ERISA §§ 406(a)(1) and 408(b) include the receipt of excessive compensation for legal services rendered to an ERISA plan"); *Haddock v. Nationwide Fin. Servs., Inc.*, 419 F. Supp. 2d 156, 171-72 (D. Conn. 2006) (revenue sharing may be a prohibited transaction under § 406(b)(3)). *Hecker v. Deere & Co.*, 556 F.3d 575, 589 (7th Cir. 2009), cited in Surreply at 2 n.3, does not hold otherwise. *Hecker* held that the revenue sharing alleged in that case was not a prohibited transaction because the service provider receiving the payments was *not* a fiduciary. The Seventh Circuit did not hold that revenue sharing by fiduciaries is permissible under ERISA.[1]

### B. Plaintiffs Do Not Seek Disgorgement

Contrary to Defendants' argument in the Surreply, Plaintiffs do not claim they are entitled to disgorgement from Defendants. Rather, Plaintiffs allege Defendants breached their fiduciary duty to the Plan by failing to seek disgorgement from Putnam. The damages Plaintiffs seek for

---

[1] Putnam's revenue sharing scheme violated ERISA § 406(b)(3) because Putnam, the Plan's trustee, was a fiduciary receiving illegal kickbacks from the mutual funds selected by Defendants. Defendants breached their duties of loyalty and prudence under ERISA by participating in Putnam's improper revenue sharing scheme and violating the express terms of the Plan that required RadioShack (and not the mutual funds) to pay the trustee fees for which RadioShack was responsible. Defendants allowed the use of revenue sharing to influence their investment decisions to select a menu of funds that was not in the best interests of participants, effectively shifting the costs of the trustee fees from RadioShack to the Plan. Moreover, once aware of the excessive and improper fees paid to Putnam, Defendants made no attempt to disgorge those fees from Putnam, resulting in significant losses to the Plan and its participants.

this breach are the fees Putnam would have had to disgorge had Defendants fulfilled their fiduciary duty.

### C. The Ross Report Is No Barrier to Class Certification

Defendants do not dispute that on remand, the *EDS* Court rejected Ross's theory of intra-class conflicts as a basis for denying class certification, joining every other court to consider this argument. (Reply at 11.) Moreover, Defendants fundamentally misconstrue Plaintiffs' overarching point that the Ross Report's reliance on "optimal breach dates" for various individuals has nothing to do with this case. At *all* times it was imprudent for Defendants to retain Putnam because doing so caused the Plan to enter into *prohibited* transactions. The Surreply does not address this issue and simply repeats the argument from the Opposition. (Surreply at 3.) That argument fails because it is based on Defendants' improper attempt to read out of the Complaint paragraphs 11, 89, 90, 167, dealing with revenue sharing and excessive fees, which are by definition prohibited transactions. While there may be some cases where the prudence of a particular investment will vary over the course of time, a prohibited transaction is per se imprudent at all times.

Further, the Ross Report does not address Plaintiffs' claim that Defendants breached the Plan terms by paying Putnam trustee fees from Plan assets, affecting all class members. *See In re Gulf Pension Litig.*, 764 F. Supp. 1149, 1206-07 (S.D. Tex. 1991) (affording class-wide relief due to the payment of investment fees and expenses from plan assets in violation of the terms of the plan).

The Ross Report fails for several other reasons that were not addressed by Defendants and therefore remain undisputed. First, the Ross Report is irrelevant because Defendants' imprudent act was in providing an improper *group* of investments, not individual investment options, as the Ross report assumes. Second, under the law, the Plan may recover the difference between the *best*

3

alternative investment and the investment made, *see Donovan v. Bierwirth*, 680 F.2d 263 (2d Cir. 1982), not the various hypothetical investments catalogued by Mr. Ross. Third, the Ross Report lacks the necessary foundation for expert opinion. Mr. Ross does not offer any evidence that he is a fiduciary expert capable of determining what alternative investments might be appropriate for the Plan (he claims to be an economist), yet he purports to offer opinions about investment selection. (Reply at 10.)

## D. Class Counsel Have Fulfilled Their Duties and Continue To Do So

Defendants repeat the false accusations about Plaintiffs' counsel that they made in their Opposition at pages 43-46. Using snippets of deposition testimony, they claim that Mr. Goldstein's affidavit was inconsistent with his deposition testimony because: (1) the affidavit stated that he was familiar with his duties as class representative, whereas he testified that he opened some but not all of his mail from counsel, received two or three status reports from counsel, spoke to counsel three or four times, and did not think it was his responsibility to "supervise" Class Counsel (Resp. App. 191-194; and (2) the affidavit stated that he reviewed the Complaint before it was filed; whereas he testified that he did not read the complaint in its entirety. (Resp. App. 189.) Mr. Goldstein's full testimony is provided for review. There are no contradictions between the affidavit and deposition testimony, and Plaintiffs' counsel did not do anything improper.

Defendants' first argument is essentially a disagreement with Mr. Goldstein's conclusions about his duties as a class representative. Whether Mr. Goldstein was or was not a good class representative is moot because Mr. Goldstein is no longer a class representative. However, class counsel are not inadequate because Mr. Goldstein did not open all the mail they sent him, and his testimony that he did not think he had to "supervise" his attorneys in the practice of law is not peculiar – he is not an attorney, and the law is not his area of expertise.

4

Second, there is a difference between "reading" a complaint in its entirety and "reviewing" it (i.e., looking at it to obtain a basic understanding of its contents). The Complaint is hundreds of paragraphs, filled with legalese, and addresses highly technical stock and fiduciary issues. Simply because Mr. Goldstein did not read the Complaint in its entirety does not mean that he did not review it. Therefore, Defendants' accusations are unfounded.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that their motion be granted.

Dated: August 14, 2009

| | |
|---|---|
| GAINEY & MCKENNA<br>Thomas J. McKenna<br>Attorneys for Plaintiffs<br>Robert Outlaw | LINER GRODE STEIN YANKELEVITZ<br>SUNSHINE REGENSTREIF & TAYLOR LLP<br><br>By:   /s/ Matthew Borden<br>    Ronald S. Kravitz<br>    Matthew Borden<br>    Attorneys for Plaintiff<br>    Jeffrey V. Cormier, on Behalf of Himself<br>    and All Others Similarly Situated |
| SQUITIERI & FEARON LLP<br>Lee Squiteri<br>Attorneys for Plaintiff Keith Reiders | AJAMIE LLP<br>Thomas R. Ajamie<br>Attorneys for Plaintiff Jeffrey V. Cormier |

# CERTIFICATE OF SERVICE

On August 14, 2009, I electronically submitted the foregoing Brief in Support of Motion for Class Certification with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served the following attorneys of record who have consented to accept the court's Notice as service of the foregoing document by electronic means:

David E Keltner
Kelly Hart & Hallman
201 Main St
Suite 2500
Fort Worth, TX 76102-3194
817/878-3560
Fax: 817/878-9760
Email: david.keltner@khh.com

Brian T Ortelere
Morgan Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103
215/963-5000
Email: bortelere@morganlewis.com

Hugh G Connor, II
Kelly Hart & Hallman
201 Main St
Suite 2500
Fort Worth, TX 76102-3194
817/332-2500
Email: hugh_connor@khh.com

Jeremy P Blumenfeld
Morgan Lewis & Bockius - Philadelphia
1701 Market St
Suite 2000
Philadelphia, PA 19103
215/963-5258
Email: jblumenfeld@morganlewis.com

(continued on next page)

Marshall M Searcy
Kelly Hart & Hallman
201 Main St
Suite 2500
Fort Worth, TX 76102-3194
817/332-2500
Fax: 817/878-9280 FAX
Email: marshall_searcy@khh.com

Victoria L Gorokhovich
Morgan Lewis & Bockius - Philadelphia
1701 Market St
Suite 2000
Philadelphia, PA 19103
215/963-5642
Fax: 215/963-5001
Email: vgorokhovich@morganlewis.com

        /s/ Matthew Borden
        Matthew Borden