# IN UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | § | |
|---|---|---|
| IN RE: RADIOSHACK CORP. | § | |
| "ERISA" LITIGATION | § | Case 4:08-MD-1875-Y |
| | § | |
| MDL 1875 | § | |
| | § | |

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Pending before the Court is the Joint Motion for Preliminary Approval of Settlement (doc. 81) filed by the settling Parties[1] in this action, including plaintiffs Alan Goldstein, Keigh Reiders, Robert Maxwell, Robert Outlaw, and Jeffrey Cormier (the "Named Plaintiffs"), on behalf of themselves, Jeffrey Cormier and Robert Outlaw, as class representatives, and defendant RadioShack Corporation, requesting an order (i) preliminarily approving the settlement of the above-captioned action pursuant to the terms of a Stipulation of Settlement ( "Stipulation") among the Parties dated September 28 and 29, 2010; (ii) certifying a mandatory non-opt-out class pursuant to Federal Rules of Civil Procedure 23(b)(1) and (b)(2) for the purposes of proceedings in connection with the final approval of the settlement; (iii) approving the form of Notice and directing the manner and delivery of publication thereof; and (iv) scheduling a hearing to consider: (a) the fairness of the Settlement pursuant to Federal Rule of Civil Procedure 23(e) and (b) the fee and expense application of Class Counsel and contribution award applications for the Plaintiffs. Upon consideration of the Stipulation and its exhibits, it is hereby ORDERED that the motion for preliminary approval is GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. The Court finds preliminarily and for purposes of proceedings pursuant to Rule 23(e) for approval of the Settlement, that the prerequisites for certification of a class and maintenance of this Action as a class action pursuant to Fed. R. Civ. P. 23(b)(1) and (b)(2) are satisfied, in that: (a) the class is so numerous that joinder of all its members is impracticable; (b) there are questions of law and fact common to the class; (c) the claims of the Class

---

[1] Unless otherwise specified, capitalized terms used herein shall have the meanings set forth in the Stipulation of Settlement.

Representatives are typical of the claims of the class; (d) the Class Representatives and Class Representatives' Counsel will fairly and adequately represent the interests of the class; (e) the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendants; and (f) it is alleged that Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Accordingly, for the purposes of settlement only: (i) this action is hereby certified as a mandatory non-opt-out class action pursuant to Rules 23(b)(1) and (b)(2), on behalf of a class defined as: "all current and former participants in, or beneficiaries of, the Plans and whose 401(k) Plan and/or SUP Plan account(s) included interests in investments in Company Stock and/or Putnam Funds during the period of time from January 1, 1996 through the Stipulation's Execution Date;" (ii) Jeffrey Cormier and Robert Outlaw are appointed as class representatives; and (iii) pursuant to Federal Rule of Civil Procedure 23(g), Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP, Squitieri & Fearson, LLP, and Gainey & McKenna are appointed as Class Counsel.

  2. Pursuant to Federal Rule of Civil Procedure 23, the Settlement Fairness Hearing shall be held before the Court at 1:30 p.m. on February 9, 2011, for the following purposes:

    (a) to finally determine whether the action should be certified as a class action pursuant to Rules 23(b)(1) and (b)(2);

    (b) to determine whether the Stipulation is fair, reasonable and adequate and whether it should be finally approved by the Court;

    (c) to determine whether the final order and judgment as provided under the Stipulation should be entered;

    (d)  to determine whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court;

    (e)  to consider Class Counsel's applications for Case Contribution Awards for the Named Plaintiffs;

    (f)  to consider Class Counsel's Fee and Expense Motion; and

    (g)  to rule upon such other matters as the Court may deem appropriate.

  3.  If the parties notify the Court at any time before the Settlement Fairness Hearing, however, in writing by motion filed with the clerk of the Court, that one or more conditions precedent to the Stipulation have not been satisfied, then the Court will continue or vacate the Settlement Fairness Hearing, as may be appropriate.

  4.  The form of Notice attached to the Stipulation is hereby APPROVED and the Court adopts the following schedule:

    (a)  On or before the thirtieth business day from the date of entry of this order, RadioShack shall deposit the amount of the Settlement Fund ($2,400,000) into the Escrow Account,

    (b)  On or before the fourteenth day from the date of entry of this order, the Settlement Administrator or its designee shall mail, by United States First Class Mail, postage prepaid, the Notice to all Settlement Class members who can be identified and whose addresses can be ascertained with reasonable effort.

    (c)  On or before the fifth business day from the date of entry of this order, the Settlement Administrator shall place the Notice on its website.

    (d)  Any applications by Class Counsel for Case Contribution Awards to the Named Plaintiffs, Fees and Expenses, and all papers in support thereof, shall be filed with the clerk of the Court and served on all other parties to the Stipulation not later than January 7, 2011, copies of which shall be available for inspection at the office of the clerk.

(e) A Settlement Class member shall not be heard in opposition to the Stipulation, the proposed Case Contribution Awards to the Named Plaintiffs, the appropriateness of class certification, or Class Counsel's Fee and Expense Motion, and no papers or briefs submitted by or on behalf of such person shall be accepted or considered by the Court unless, on or before January 20, 2011, such person has filed with the clerk of the Court and served by first class mail upon counsel for all parties a written statement that indicates the specific bases for such person's objection(s) to the Stipulation, the proposed Case Contribution Award payments to the Named Plaintiffs, the appropriateness of class certification, and/or the Class Counsel's Fee and Expense Motion, along with any supporting documentation.

(f) At least 10 days prior to the Settlement Fairness Hearing, the Settlement Administrator or its designee shall file and serve a declaration evidencing the mailing of the notice and the internet publication of this Notice in compliance with this order. The costs for the mailing of the Notice shall be paid from the Settlement Fund as described in the Stipulation.

5. The mailing of the Notice, and publication of the Notice on the internet, in compliance with Paragraphs 4(b) and (c) of this order, is hereby found to be the best notice practicable under the circumstances, and constitutes due and sufficient notice to the Settlement Class of the proposed Settlement, in compliance with the requirements of Federal Rule of Civil Procedure 23 and due process.

6. Any Class Member who has met the requirements of Paragraph 1 and 4(e) of this order, or his or her representative, may appear at the Settlement Fairness Hearing and be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness, and adequacy of the proposed settlement, the proposed incentive payment to the Named Plaintiffs, the appropriateness of class certification, and/or Class Counsel's Fee and Expense Motion.

7.  The Court having determined preliminarily that this action may proceed as a mandatory non-opt-out class under Federal Rule of Civil Procedure 23(b)(1) and (b)(2), Settlement Class members shall be bound by any judgment in this action, whether favorable or unfavorable, subject to the Court's final determination at the Settlement Fairness Hearing as to whether this Action may so proceed.

8.  Pending final determination of whether the Stipulation should be approved, the Named Plaintiffs, the Settlement Class and each of its members, and any other person or entity acting or purporting to act on their behalf, are hereby BARRED AND ENJOINED from instituting and/or prosecuting any action that asserts any of the claims that are the subject of the Stipulation against any of the persons released in the Stipulation (the "Released Claims" and "Released Persons").  Until further order of this Court, all proceedings in this Action, other than proceedings in connection with the claims of those plaintiffs that are not parties to the Stipulation and proceedings contemplated by this order, are STAYED.

9.  If the Stipulation is terminated, this Preliminary Approval Order shall be null, void and of no further force or effect, and all parties to the Stipulation shall be restored to their respective positions as they existed as provided in the Stipulation.

10.  Jurisdiction is hereby retained over this action and the parties to this action for all matters relating to this action, including, but not limited to, all matters relating to the administration, interpretation, effectuation and enforcement of the Stipulation and this order.

11.  The Court expressly reserves the right to continue the Settlement Fairness Hearing from time to time without further notice to the Settlement Class.

SIGNED October 12, 2010.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE