**IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: RADIOSHACK CORP. "ERISA" LITIGATION | § § § | Case 4:08-MD-1875-Y |
| MDL 1875 | § § | |

**FINAL ORDER AND JUDGMENT**

AND NOW, this 8th day of February, 2011,

1. Upon consideration of (I) the motion of Plaintiffs[1] for approval of a settlement ("the Settlement") of this Action pursuant to the terms of a Stipulation of Settlement (the "Stipulation") dated September 29, 2010, among the Named Plaintiffs and RadioShack; (ii) Class Counsel's Fee and Expense Motion; and (iii) the applications of Alan Goldstein, Keith Reiders, Robert Maxwell, Robert Outlaw, and Jeffrey Cormier for Case Contribution Awards (collectively, "the Motions"); and

2. The Court having entered an Order on October 12, 2010, preliminarily approving the Settlement, certifying the Settlement Class as a mandatory non-opt-out class pursuant to Federal Rules of Civil Procedure 23(b)(1) and (b)(2) for purposes of proceedings to consider final approval of the Settlement, approving the form of notice and directing the manner of delivery and publication thereof, and scheduling a hearing to consider the fairness of the Settlement, pursuant to Federal Rule of Civil Procedure 23(e), among other matters; and

3. The Court, having received declarations attesting to the delivery and publication of the notice in accordance with the Preliminary Approval Order; and

4. A hearing having been held before this Court on February 8, 2011, (the "Settlement Fairness Hearing") (I) to determine finally whether this action satisfies the applicable prerequisites for class action treatment under Rules 23(b)(1) and (b)(2); (ii) to consider the fairness of the Settlement, pursuant to Rule 23, and to determine whether to enter this Order approving the Settlement; (iii) to determine whether the proposed Plan of

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings set forth or utilized in the Stipulation of Settlement.

Allocation of the Settlement Fund is fair and reasonable and should be approved; (iv) to consider Class Counsel's Fee and Expense Motion; (v) to consider the applications of Alan Goldstein, Keith Reiders, Robert Maxwell, Robert Outlaw, and Jeffrey Cormier for Case Contribution Awards; and (vi) to rule upon such other matters as the Court might deem appropriate,

AND THE COURT, HAVING FOUND AND/OR CONCLUDED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Settlement Class, and Defendants pursuant to 29 U.S.C. § 1132(e).

2. The Court finds that the prerequisites for a class action under Rule 23 have been satisfied in that:

   1. The class, consisting of thousands of members, is so numerous that joinder of all members thereof is impracticable;

   2. There are questions of law and fact common to the Settlement Class;

   3. The Class Representatives Robert Outlaw and Jeffrey Cormier are members of the class and their claims are typical of the claims of the Settlement Class;

   4. The Class Representatives have fairly and adequately represented the interests of the Settlement Class and will continue to do so, they have no interests antagonistic to the Settlement Class, and they have retained qualified, experienced and able counsel;

   5. Prosecutions of separate actions by individual members of the settlement class could create a risk of inconsistent or varying adjudications with respect to individual members of the settlement class which would establish incompatible standards of conduct for Defendants;

   6. Prosecution of separate actions by individual members of the Settlement Class could result in adjudications with respect to

      individual members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

7. The Class Representatives contend that Defendants have allegedly acted or allegedly failed to act on grounds generally applicable to the class, thereby justifying equitable and/or declaratory relief for the class as a whole if the Class Representatives prevail as to their claims;

8. The class definition is sufficiently precise and proper notice was provided to the Settlement Class; and

9. Class Counsel is appropriately qualified and suitable for appointment to represent the Class.

10. In accordance with the Court's Preliminary Approval Order, notice was timely given to all members of the Settlement Class who could be identified with reasonable effort by the Settlement Administrator and was published on the website maintained by the Settlement Administrator. The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Stipulation met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

ACCORDINGLY:

1. This Court hereby finally certifies the Settlement Class as a mandatory non-opt-out class pursuant to Rules 23(b)(1) and 23(b)(2) consisting of: all current and former participants in, or beneficiaries of, the RadioShack 401(k) Plan and the RadioShack Supplemental Stock Purchase Plan whose accounts included interests in investments in Company Stock and/or Putnam Funds for their benefit during the period of time from January 1, 1996, through the Stipulation's Execution Date. No class member shall have the right to opt out of the Settlement Class.

2. The motion for approval of the Settlement is hereby GRANTED, and the Settlement is APPROVED as fair, reasonable and adequate, and the terms of the Settlement are hereby determined to be prudent, for the exclusive benefit of participants and beneficiaries of the Plan and in compliance with all applicable provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and consistent with, and will not adversely offset, either the tax-qualified status of the Plan or the exempt status of its associated trust. The parties are directed to consummate the Settlement in accordance with the terms of the Stipulation.

3. Upon this order's becoming final, the Class Representatives, the Named Plaintiffs, the Settlement Class, all members of the Settlement Class, and the Plans shall be deemed to have, and by operation of the Final Order and Judgment shall have, absolutely and unconditionally released, waived, and forever discharged the Released Persons from all Released Claims that the Plaintiffs directly, indirectly, derivatively, or in any other capacity had, now have, hereafter may have, or may ever bring, under state, federal, or local law of any type from the prosecution of, any and all Released Claims against any and all of the Released Persons as provided in the Stipulation.

4. The Plan of Allocation is APPROVED as fair and reasonable, and the Settlement Administrator and the Plan's trustee or its designee are directed to administer the payment of the Net Settlement Fund in accordance therewith.

5. Named Plaintiffs, Alan Goldstein, Keith Reiders, and Robert Maxwell, are hereby awarded, as Case Contribution Awards for their roles in prosecuting the Action on behalf of the Settlement Class, $2,500 each, payable from the Settlement Fund within five (5) days of the Effective Date.

6. Class Representatives Jeffrey Cormier and Robert Outlaw are each hereby awarded, as Case Contribution Awards, for their roles in prosecuting the Action on behalf of the Settlement Class, $10,000 each, payable from the Settlement Fund within five (5) days of the Effective Date.

7. Class Counsel are hereby awarded, as and for attorney fees, $800,000, which represents thirty-three and one-third percent of the Settlement Fund and which the Court finds to be fair and reasonable, and the sum of $ 94,131 as reimbursement of costs and expenses, to be paid out of the Settlement Fund to Class Counsel five (5) days after the Effective Date pursuant to Section 7 of the Stipulation.

8. Jurisdiction is hereby retained over this Action and the Parties, the Plans, and the Settlement Class members for all matters relating to the Action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Stipulation and this Final Order and Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

9. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

SIGNED February 8, 2011.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE